**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

ROBERT J. ACKERMAN,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. C 14-3040-MWB

**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION**

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION ................................................................ 2*

*II.  LEGAL ANALYSIS ............................................................. 3*
   *A.  Standard Of Review ....................................................... 3*
   *B.  Review Of Ackerman's Objections ................................... 5*
      *1.  The "treating physician" determination ........................ 5*
      *2.  The Appeals Council's opinion about additional evidence ................................................................ 8*
      *3.  The discounting of opinions from the "treatment team" therapist .................................................... 9*
      *4.  The lack of treating source limitations in the assessment of RFC ............................................... 10*
   *C.  Clear Error Review ...................................................... 12*

*III. CONCLUSION .................................................................. 12*

# I.   INTRODUCTION

This is an action for judicial review by plaintiff Robert J. Ackerman of a final decision of the Commissioner of Social Security (the Commissioner) denying Ackerman's application for Social Security Disability benefits (DIB) and Supplemental Security Income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* In a Report And Recommendation, filed June 16, 2015, United States Magistrate Judge Leonard T. Strand recommended that the Commissioner's determination that Ackerman was not disabled be affirmed and that judgment be entered against Ackerman and in favor of the Commissioner.

In his Objections To Magistrate Judge's Report And Recommendation (Objections) (docket no. 14), filed June 30, 2015, Ackerman objects to four parts of Judge Strand's Report And Recommendation:  (1) the conclusion that the administrative law judge (ALJ) properly discounted the opinion of Dr. Akbar, who was purportedly a treating physician; (2) the conclusion that the Appeals Council properly evaluated the additional evidence that Ackerman had submitted in connection with his request for review; (3) the conclusion that the ALJ properly discounted the opinions from therapist Scott Dickinson, on the ground that he was not a member of a "treatment team"; and (4) the conclusion that the ALJ's opinion is supported by substantial evidence in the record, notwithstanding the ALJ's failure to obtain work-related limitations from a treating or examining source to support the ALJ's assessment of Ackerman's residual functional capacity (RFC).

Thus, I must review Judge Strand's Report And Recommendation in light of Ackerman's Objections.

## II. LEGAL ANALYSIS
## A. *Standard Of Review*

Where, as here, a party has filed objections to a magistrate judge's report and recommendation, the applicable statute provides for *de novo* review by the district judge, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

If a party files an objection to a magistrate judge's report and recommendation, the district court must "make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*." 28 U.S.C. § 636(b)(1) (emphasis added). In most cases, at least where the objecting party is represented by counsel, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990); *but see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (suggesting that "general" objections by a *pro se* party may be sufficient to trigger *de novo* review). When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008)

(quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Strand did not hold an evidentiary hearing in this case, however, nor did he consider oral arguments. Instead, he considered only the parties' written submissions, and I have done the same.

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Thus, "clearly erroneous" review applies to the portions of Judge Strand's Report And Recommendation to which no objections were made.

I will review Judge Strand's Report And Recommendations with these standards in mind.

### B. Review Of Ackerman's Objections

As noted, above, Ackerman makes four objections to Judge Strand's Report And Recommendation. I will consider these objections in turn.

#### 1. The "treating physician" determination

Ackerman's first objection is to the part of the Report And Recommendation accepting the ALJ's RFC assessment, because Ackerman argues that the ALJ erroneously discounted the opinions of Dr. Akbar, who was ostensibly a treating physician. Ackerman objects to the ALJ's finding that Dr. Akbar saw Ackerman only once, because Ackerman contends that the record shows that he saw Dr. Akbar at least twice and perhaps more often than that over a two-year period. Ackerman also argues that it appears that there are medical records missing from the record, so that a remand is appropriate.

Contrary to Ackerman's contentions, upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Strand that the ALJ had good reasons for concluding that Dr. Akbar was not a "treating physician" and for discounting Dr. Akbar's opinions as inconsistent with the record evidence. Judge Strand recognized, "Medical opinions from treating sources should not ordinarily be disregarded, and should receive substantial weight." Report And Recommendation at 10 (citing *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000)). He also recognized, however, that "[o]pinions from examining sources come from physicians who examined the claimant for purposes of forming a medical opinion, such as a one-time consultative examiner, but such examiners are not considered 'treating sources,'" and that "[t]hese opinions do not generally constitute substantial evidence, especially when contradicted by a treating physician's opinion." *Id.* at 11 (citing *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000)). Like Judge Strand, I find that the ALJ's decision to afford little weight to Dr. Akbar's opinion

was supported by substantial evidence in the record as a whole and by a statement of good reasons.

First, as Judge Strand concluded, the portions of the record cited by Ackerman as suggesting that Dr. Akbar was his treating physician "are not persuasive." *Id*. at 14. Rather, as Judge Strand concluded, there is only one documented meeting between Ackerman and Dr. Akbar and, despite the ALJ leaving the record open after the hearing, Ackerman did not produce any further records of an actual meeting with Dr. Akbar. *Id*. at 15-16. Even in his Objections, Ackerman has not cited any part of the record demonstrating that anyone but Ackerman ever said he saw Dr. Akbar more than once. *See* Objections at 3. Specifically, while Ackerman asserts, in his Objections, that he saw Dr. Akbar in September 2010 and "returned" to Dr. Akbar twice in November 2010, citing Administrative Record at 503, 581, and 582, these citations do not support his contentions. The supposed documentation of a visit to Dr. Akbar in September 2010 is actually from a self-report by Ackerman, months later, found in Dr. Conditt's report from February 14, 2011, *see* Administrative Record at 503; the record of one of the purported "return" visits to Dr. Akbar in November of 2010 is actually a record of a visit with therapist Scott Dickinson, which makes no reference at all to Dr. Akbar, *see* Administrative Record at 581; and the remaining record is the only one actually by Dr. Akbar documenting a face-to-face visit with Ackerman, but on November 10, 2010, not in September of 2010.

In his Objections, Ackerman also attempts to lay the insufficiency of the documentation of actual meetings by Ackerman with Dr. Akbar at the feet of the ALJ. In his Report And Recommendation, however, Judge Strand rightly pointed out that the ALJ's duty to develop the record does not extend to seeking additional statements from a physician unless a crucial issue is underdeveloped. *See* Report And Recommendation at 15 (citing *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The issue of

whether or not Ackerman had more than one face-to-face visit was not "crucial," where the ALJ had afforded Ackerman adequate opportunity after the hearing to provide additional records of meetings with Dr. Akbar, but Ackerman produced none, and where there were sufficient other records to develop fully the picture of Ackerman's condition, including Dr. Akbar's opinion, set out in answers to interrogatories.

Although Ackerman also contends, in his Objections, that a remand to find missing treatment records would be appropriate, in light of two decisions of federal courts in Iowa, I find both decisions he cites to be readily distinguishable. In *Miatke v. Commissioner of Social Security*, No. C 08-1019, 2009 WL 909619 (N.D. Iowa April 2, 2009), the claimant's attorney had actually provided additional records to the ALJ, but the court found those records were inexplicably not included in the administrative record, while Ackerman made no attempt to provide additional records of his purported meetings with Dr. Akbar. The second decision, *Martin v. Apfel*, 983 F. Supp. 812, 815 (S.D. Iowa 1997), is even more readily distinguishable, because Judge Pratt did not remand the case on the basis that the ALJ and the claimant's attorney recognized that records were missing, as Ackerman contends. Rather, Judge Pratt ordered an award of benefits on the basis of the evidence in front of and considered by the ALJ. Indeed, there was no remand at all, let alone a remand to obtain "missing" records, which had actually been sent to the Appeals Council, but not included in the record. Also, while Judge Pratt scolded the Commissioner for not providing the records provided by counsel to the ALJ prior to the ALJ's decision, he *also* scolded the claimant's attorney for expecting ALJs to secure evidence that is easily accessible to the lawyer and the claimant.

Moreover, even if Judge Strand (and the ALJ) had considered Dr. Akbar to be a "treating physician," the ALJ gave adequate reasons for rejecting Dr. Akbar's opinions. *See* Report And Recommendation at 15 (recognizing that an ALJ has more discretion to consider any inconsistencies with the record in evaluating opinions of a non-treating

7

physician, citing *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005)); *and compare id.* at 10-11 (explaining that the ALJ may discount a treating source medical opinion, if he gives good reasons for doing so, citing *Brown v. Astrue*, 611 F.3d 941, 951-52 (8th Cir. 2010)).[1] Specifically, I agree with Judge Strand (and the ALJ) that there were significant inconsistencies between Dr. Akbar's opinion, expressed in interrogatory answers, and his own treatment notes and other treatment records. *See id.* at 15-17.

Finally, I find Ackerman's reliance, in his Objections, on *Shontos v. Barnhart*, 328 F.3d 418 (8th Cir. 2003), to be misplaced. Contrary to Ackerman's contentions, Judge Strand (and the ALJ) properly concluded that Dr. Akbar was not a member of a "treatment team," which might have required greater deference to his opinions. Again, there is no evidence that Dr. Akbar saw Ackerman "intermittently . . . for the purpose of prescribing psychiatric medication." *Shontos*, 328 F.3d at 426. Rather, there is only one documented record of Dr. Akbar ever seeing Ackerman. A single contact does not make Dr. Akbar a "team member."

Therefore, I overrule Ackerman's first objection to Judge Strand's Report And Recommendation.

### 2. *The Appeals Council's opinion about additional evidence*

Ackerman's second objection to Judge Strand's Report And Recommendation is that Judge Strand improperly concluded that the Appeals Council properly evaluated the additional evidence that Ackerman had submitted in connection with his request for review. The additional evidence in question, at least as far as Ackerman's objection goes, was a 2012 report from Dr. Conditt. As Judge Strand (and the Appeals Council) noted, that report is dated October 15, 2012, and was based on an evaluation that same

---

[1] Judge Strand inadvertently cited this case as from the Ninth Circuit Court of Appeals.

day, five weeks after the end of the period relevant to Ackerman's application, on September 10, 2012. Report And Recommendation at 19.

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I find that Judge Strand correctly explained,

> The Commissioner's regulations provide that the Appeals Council may consider additional evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). Dr. Conditt's 2012 report did not address Ackerman's condition on or before September 10, 2012, the date of the ALJ's decision. Instead, it was based on an evaluation that took place October 15, 2012. AR 37.

Report And Recommendation at 19-20. While Ackerman scoffs at the notion that Dr. Conditt's 2012 report was not based, in part, on his 2011 evaluation and considered, to some extent, Ackerman's condition prior to September 10, 2012, I am not persuaded. As was the case when Judge Strand wrote his Report And Recommendation, Ackerman still has not identified, in his Objections, any statements in Dr. Conditt's 2012 report to support Ackerman's characterization. *See id*. at 20. Thus, Judge Strand correctly affirmed the Appeals Council's rejection of Dr. Conditt's 2012 report on the ground that it did not relate to the period prior to September 10, 2012. 20 C.F.R. §§ 404.970(b), 416.1470(b).

Consequently, I also overrule Ackerman's second objection to Judge Strand's Report And Recommendation.

### 3. *The discounting of opinions from the "treatment team" therapist*

Ackerman's third objection is that Judge Strand improperly accepted the ALJ's RFC assessment, despite the ALJ's failure to give proper weight to the opinions of therapist Scott Dickinson, who was a member of Ackerman's "treatment team." Upon

9

*de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I also overrule this objection.

Again, contrary to Ackerman's contentions, Judge Strand (and the ALJ) properly concluded that Dr. Akbar and therapist Scott Dickinson were not members of a "treatment team," thus requiring greater deference to their opinions. Although it is true that Mr. Dickinson, the therapist in this case, like the therapists on the "treatment team" in *Shontos*, had a "longitudinal" treatment relationship with Ackerman, there is no evidence that this relationship was developed as part of a "team" approach. *Compare Shontos*, 328 F.3d at 426. Moreover, unlike the situation in *Shontos*, I find, upon *de novo* review, that Judge Strand (and the ALJ) correctly concluded that Mr. Dickinson's opinions—like Dr. Akbar's—were inconsistent with the record. *Compare* Report And Recommendation at 17-19; *with Shontos*, 328 F.3d at 426-27 (finding that the ALJ's conclusion that the treating sources' opinions were inconsistent with the record was not borne out by the record).

### 4. *The lack of treating source limitations in the assessment of RFC*

Ackerman's last objection to Judge Strand's Report And Recommendation is to Judge Strand's conclusion that the ALJ's opinion is supported by substantial evidence in the record, notwithstanding the ALJ's failure to obtain work-related limitations from a treating or examining source to support the ALJ's assessment of Ackerman's residual functional capacity (RFC). Ackerman argues that, because the ALJ only had opinions of non-examining state agency psychological consultants, after rejecting opinions of Dr. Akbar, Dr. Conditt, and Mr. Dickinson, the ALJ's conclusion that Ackerman had no disabling limitations during the relevant period is not supported by substantial medical evidence. Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I disagree.

As Judge Strand correctly observed, "Even after giving little weight to some medical opinions, the ALJ may determine a claimant's RFC without obtaining additional medical evidence 'so long as other evidence in the record provides a sufficient basis for the ALJ's decision.'" Report And Recommendation at 22 (quoting *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 2014), in turn quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)). Judge Strand then identified the sources of substantial evidence supporting the ALJ's determination, including records of Ackerman's in-patient treatment in August 2010; a report by psychologist John Bayless, Ph.D.; a report by Kevin Orcutt, M.D., upon Ackerman's discharge from in-patient treatment; Dr. Akbar's November 2010, record of a meeting with Ackerman; and Dr. Conditt's February 2011 report, concerning Ackerman's condition after six months of sobriety. *See id*. at 22-23. Like Judge Strand, I find that the ALJ did not "reject" Dr. Conditt's 2011 report, but, in fact, gave it "considerable weight." *Id*. at 23 (citing Administrative Record at 26). Upon *de novo* review, I agree with Judge Strand's conclusion on this issue:

> [Dr. Conditt's 2011] report, along with the other evidence described above, supports a finding that Ackerman's drug abuse was a "substantial barrier to [his] normal functioning." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). As the Eighth Circuit Court of Appeals has noted: "Determining whether a claimant would still be disabled if he or she stopped drinking is, of course, simpler if the claimant actually has stopped." *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000). To his credit, Ackerman stopped using drugs in August 2010. The record shows that this change caused Ackerman's condition to improve significantly. The ALJ's RFC findings are supported by substantial evidence on the record as a whole.

Report And Recommendation at 23.

I overrule Ackerman's last objection to the Report And Recommendation.

11

### C. *Clear Error Review*

As mentioned, above, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520. I have considered the remainder of Judge Strand's Report And Recommendation, to which no objections were made, and I find no "clear error" in those portions.

### III. CONCLUSION

Upon the foregoing,

1. Ackerman's June 30, 2015, Objections To Magistrate Judge's Report And Recommendation (Objections) (docket no. 14) are **overruled**;

2. I **accept** United States Magistrate Judge Strand's June 16, 2015, Report And Recommendation ***without modification***, *see* 28 U.S.C. § 636(b)(1) (2006), and, pursuant to Judge Strand's recommendation,

   a. The Commissioner's determination that Ackerman was not disabled is **affirmed**; and

   b. Judgment shall enter against Ackerman and in favor of the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 1st day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA